In the Matter of the Claim of PETER MACRAKEN, Appellant, against R. & B. LUNCH COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 26, 1953.

*Harry J. Ruthoser* and *Samuel Silverman* for appellant.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Urban S. Mulvehill* for R. & B. Lunch Company, Inc., and another, respondents.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

*Per Curiam.* Claimant appeals from two decisions of the Workmen's Compensation Board refusing to reopen his case. He was injured in 1923, sustaining a cut on his finger. In 1925 he received an award of 100% loss of his left hand and in January, 1929, an award for 100% loss of his left arm. A few months after the last award he was committed to a State hospital for mental illness, and on June 20, 1929, a committee was appointed for him by the Supreme Court.

The claimant through his committee contended there was a relationship between the accident and his mental condition. On July 2, 1931, this claim was disallowed by the board which held as a matter of fact there was no such relationship. No appeal was taken. On May 2, 1935, he was released from the State hospital and the committee was discharged by the court on July 3, 1935.

On April 27, 1943, a new application was made to reopen the case. This was almost twenty years after the date of injury and it was fourteen years after the last payment of compensation in 1929. This application was considered on its merits by a panel of the board in a decision in December, 1944, which again considered causal relation and found adversely to claimant on that. The application to reopen was denied.

Among other things it was held that the Statute of Limitations (Workmen's Compensation Law, § 25-a, subd. 1; § 123) had run against the claim. The full board reviewed the panel decision on its own motion and made a decision in February, 1946, from which the first appeal here is taken. The full board affirmed the panel decision refusing to reopen the claim. The 1946 decision adds the words " on the ground of the bar of the statute of limitations ".

Claimant then appealed from the 1946 decision to this court and while the appeal was pending made a new application in April, 1952, to the board to reopen the claim, on the basis of his attorney's affidavit showing the course of judicial action in the incompetency proceedings, to add to the record such proof as

the attorney's affidavit had disclosed. This further application was denied by the board which in its decision of June 30, 1952, called attention to the pendency of the prior appeal to this court. The second appeal now here is from that further refusal of the board to reopen.

The procedural theory of claimant is that the usual Statute of Limitations which would have run against the application to reopen the claim in 1943 was suspended by incompetency. We will assume for this purpose all of the matters in this respect stated in the affidavit of the attorney on the last application. This shows the claimant discharged from the hospital on May 2, 1935, and the discharge of his committee on July 3, 1935. It shows no formal adjudication of competency. The presumption is, however, that he was competent from the time of the discharge of his committee. Under the usual practice of the court after commitment to a State hospital, no formal adjudication of competency is made and the discharge of the committee is commonly treated as such. The suspension of the Statute of Limitations provided in section 115 of the Workmen's Compensation Law is not literally in favor of incompetency as a legal status but in favor of a " person who is mentally " incompetent, in the factual sense and for whom no committee has been appointed.

Thus claimant would be required to show the actual existence of his mental incompetency during the period in which he claims the Statute of Limitations was suspended and during which he had no committee. We think he has shown neither a continuation of the legal status nor of the fact of incompetency. Besides this the board was free to refuse to reopen on the failure to demonstrate causal association between accident and incompetency and the final decision of the whole board affirmed this generally and in the liberal view we must take of its decisions it cannot be regarded as limiting its affirmance only to the ground of the Statute of Limitations. Besides all this, a decision of the board not to reopen a claim has consistently been treated here as not open to our revision.

The decisions should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decisions affirmed, without costs. [See *post*, p. 912.]